IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ROBERT E. DULL, JR., | ) CASE NO. 3:04CV7340 |
| Petitioner, | ) |
| vs. | ) Judge John M. Manos |
| GORDON LANE, WARDEN, | ) |
| Respondent. | ) MEMORANDUM OF OPINION |

On June 1, 2004, Robert E. Dull, Jr., Petitioner, *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On January 14, 2005, after briefings by the parties, a United States Magistrate Judge recommended that the petition be denied. On January 27, 2005, Petitioner filed an objection to the Magistrate Judge's report and recommendation. On May 27, 2005, Petitioner filed a supplemental brief to his objection of the Magistrate Judge's Report and Recommendation.

The Court finds that an evidentiary hearing is not necessary. See 28 U.S.C. § 2254(e); Rule 8(a) of Rules Governing 2254 Proceedings. For the following reasons, the Court adopts the recommendation of the Magistrate Judge, and the petition is DENIED.

## I. FACTS

On July 6, 2001, a Grand Jury for Medina County indicted the Petitioner on one count of rape in violation of Ohio Revised Code, O.R.C., 2907.02(A)(1)(B), and on one count of gross sexual imposition in violation of O.R.C. 2907.05(A)(4). (Return of Writ Ex. A.)

On December 5, 2001, Petitioner entered a plea of no contest. (Return of Writ Ex. B.) The

Medina County trial court sentenced him to concurrent prison terms of eight (8) years on the rape count and three (3) years on the gross sexual imposition count. (Return of Writ Ex. B.) Petitioner did not directly appeal the trial court's judgment and sentence.

On December 2, 2002, Petitioner filed a petition for a writ of habeas corpus in the Court of Appeals of Ohio. (Return of Writ Ex. C.) On January 28, 2003, the Court of Appeals denied Petitioner's writ due to habeas corpus not being available to challenge the validity or sufficiency of an indictment. (Return of Writ Ex. D.)

On March 3, 2003, Petitioner filed a (1) notice of appeal and (2) a new petition for writ of habeas corpus with the Supreme Court of Ohio. (Return of Writ Ex. E.) On May 5, 2003, the Ohio Supreme Court stated that Petitioner did not file a merit brief due April 28, 2003, and it dismissed the habeas appeal *sua sponte.* (Return of Writ Ex. F.)

On July 11, 2003, Petitioner filed a Civil Rule 60(B) motion in the Ohio Supreme Court, alleging that the clerk erred by assigning two case numbers to his appeal, and that he filed his merit brief timely. (Return of Writ Ex. G.) In fact, the Ohio Supreme Court assigned only one case number to Petitioner's habeas appeal and another number to his newly filed habeas petition. (Return of Writ Ex. H,I,J.) On September 10, 2003, the Ohio Supreme Court denied Petitioner's Rule 60(B) motion. (Return of Writ Ex. H.)

On June 1, 2004, Petitioner, *pro se*, filed the current petition for writ of habeas corpus, asserting that there is a lack of subject matter jurisdiction based on an improper indictment. (Petition Docket No. 1.)

## II. LAW

When a federal district court reviews a state prisoner's habeas corpus petition pursuant to 28 U.S.C. § 2254, it must decide whether the petitioner is in violation of the United States Constitution, laws, or treaties. 28 U.S.C. § 2254(a); Coleman v. Thompson, 501 U.S. 722, 730 (1991). A federal district court may grant a writ of habeas corpus only when the adjudication of a state court claim "resulted in a decision that was contrary to, or involved an unreasonable application of clearly

-2-

established Federal law, as determined by the Supreme Court of the United States[.]" 28 U.S.C. 2254(d)(1); Williams v. Taylor, 529 U.S. 362, 402-03 (2000). The federal court must use the "utmost care" by giving weight to all of the reasons for accepting the state court's judgment. Id.

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") became effective on April 24, 1996. The AEDPA established a one year statute of limitations for filing a petition for writ of habeas corpus. 28 U.S.C. § 2244(d). The one year statute of limitations begins to run once the state conviction of the petitioner becomes final, either by the conclusion of direct review or by the expiration of the time for seeking direct review. 28 U.S.C. § 2244(d)(A). The statute of limitations is tolled when there is a properly filed application for State post-conviction review or when other collateral review is pending. 28 U.S.C. § 2244(d)(2).

### III. ANALYSIS

Respondent asserts that Petitioner is time-barred from filing a petition for writ of habeas corpus because he did not file during the one year statute of limitations period. On December 5, 2001, Petitioner was sentenced. He did not exercise his right to direct appeal. Therefore, on January 4, 2002, thirty (30) days after his sentencing, Petitioner's conviction became final. See Ohio Appellate Rule of Procedure 4(A). On January 4, 2002, the statute of limitations began running. On December 2, 2002, 332 days later, the Petitioner filed a petition for writ of habeas corpus with the Ohio Court of Appeals, which tolled the statute of limitations.

The statute of limitations remained tolled until December 9, 2003, ninety (90) days after the Ohio Supreme Court's denial became final. Abela v. Martin, 348 F.3d 164, 172-73 (6th Cir. 2003). On December 10, 2003 the statute began to run again. On June 1, 2004, Petitioner filed the current habeas petition with the Court after an additional 174 days had passed. A total of 506 days that were not subject to tolling passed between the time his conviction became final and when he filed his current petition with the Court. Petitioner has not raised the issue of equitable tolling. Therefore, Petitioner did not bring his claim within the time allowed by statute.

## IV. CONCLUSION

The Court concludes that the current petition, filed on June 1, 2004, is untimely. It was not filed within the one-year statute of limitations period. Accordingly, the petition is DENIED.

The Court certifies that an appeal cannot be taken in good faith because the petitioner has not made a substantial showing of the denial of a constitutional right. See Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c)). The Court also certifies that a motion to proceed *in forma pauperis* on appeal cannot be well taken. See 28 U.S.C. § 1915(a)(3).

IT IS SO ORDERED.

Issued: August 4, 2005  s/ John M. Manos
UNITED STATES DISTRICT JUDGE